**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

JANE DOE, M.P. 1,
Plaintiff,

v.

APPLE INC.,
Defendant.

Case No.: ________________

# PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe, M.P. 1 ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 10(a) and the inherent authority of this Court for an Order permitting her to proceed in this action under the pseudonym "Jane Doe, M.P. 1" in all publicly filed documents and proceedings. Plaintiff's true identity would be disclosed only to defense counsel and the Court under an appropriate protective mechanism. In support of this Motion, Plaintiff states as follows:

## STATEMENT OF FACTS

1. This action arises from claims of negligence, strict products liability (design defect), violation of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201 et seq.), and invasion of privacy (intrusion upon seclusion), stemming from Apple Inc.'s ("Apple" or

"Defendant") design, manufacture, and marketing of the Apple AirTag® ("AirTag") tracking device, which was used to stalk and track Plaintiff over an extended period.

2. Plaintiff resides in Pensacola, Escambia County, Florida. Plaintiff was repeatedly stalked and tracked for approximately five years by means of concealed tracking devices, including at least one confirmed Apple AirTag. Plaintiff did not receive any notification from Apple that she was being tracked. Plaintiff discovered the tracking only because her stalker mocked her about knowing her whereabouts; Plaintiff subsequently found information on her stalker's computer confirming the use of an AirTag.

3. As a result of the stalking, Plaintiff has suffered sexual assault, physical violence, property destruction, and economic loss. Plaintiff lost approximately 30 jobs because her stalker's surveillance and smear campaign destroyed her ability to maintain employment. Plaintiff's entire freedom was controlled: her stalker manipulated her environment, synced her electronics in the middle of the night, watched and reported her every move, and conducted a relentless campaign to destroy her life. Both Plaintiff and her minor daughter have required self-harm therapy. Plaintiff

gave up her car to remove tracking devices. Plaintiff has lived in a mental prison for five years of cyber stalking.

4. Plaintiff reported the stalking to law enforcement, but police filed only a misdemeanor charge for "computer tampering." Plaintiff has obtained a restraining order against her stalker. Plaintiff has a minor daughter whose safety is directly implicated by the disclosure of Plaintiff's identity.

## LEGAL ARGUMENT

### I. The Court Has Discretion to Permit Pseudonym Litigation

5. Although Federal Rule of Civil Procedure 10(a) generally requires that parties identify themselves in their pleadings, this requirement is not absolute. The Eleventh Circuit has recognized that, in exceptional circumstances, a plaintiff may proceed anonymously when the need for privacy outweighs the customary practice of open judicial proceedings. *Doe v. Frank*, 951 F.2d 320, 322-23 (11th Cir. 1992). The decision whether to permit a party to proceed under a pseudonym is committed to the sound discretion of the trial court. *Id.* at 323.

### II. The Eleventh Circuit's Multi-Factor Test Favors Pseudonym Status

6. In *Frank*, the court identified the following factors to guide the exercise of discretion: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party seeking anonymity is a minor. *Frank*, 951 F.2d at 323; *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981) (adopted by the Eleventh Circuit). Additionally, courts in this Circuit consider whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *Frank*, 951 F.2d at 323. Application of these factors to the present case strongly supports Plaintiff's request to proceed under a pseudonym.

**A. The Litigation Involves Matters of the Utmost Intimacy.**

7. This action arise from prolonged stalking, domestic abuse, sexual assault, and physical violence—matters courts have consistently recognized as among the most sensitive and intimate subjects that can be brought before a court. Plaintiff was stalked for approximately five

years by her stalker who used concealed tracking devices to maintain control over her life, her movements, and her livelihood. The action necessarily involves disclosure of deeply personal information about domestic violence, self-harm therapy for both Plaintiff and her minor daughter, and Plaintiff's efforts to protect herself and her child from ongoing abuse. *See Stegall*, 653 F.2d at 186 (recognizing that pseudonym status is warranted when disclosure would compel revelation of the most intimate aspects of a plaintiff's life). This factor weighs heavily in favor of pseudonymity.

**B. Plaintiff Would Risk Suffering Injury If Identified.**

8. Plaintiff faces a concrete, demonstrated risk of physical and psychological harm if her identity is publicly disclosed. Her stalker has demonstrated a persistent, years-long pattern of locating and tracking Plaintiff through concealed tracking devices and has used that ability to subject Plaintiff to sexual assault, physical violence, property destruction, and a campaign to destroy her employment and reputation. Plaintiff discovered the tracking only because her stalker mocked her—demonstrating his willingness to psychologically torment her with his surveillance capabilities. Public disclosure of Plaintiff's identity in this

lawsuit could reveal her current location or provide other identifying details, enabling the stalker to locate her once more. The risk is not speculative; it is supported by five years of documented abuse, a restraining order, and the stalker's demonstrated willingness to violate legal boundaries. *See Frank*, 951 F.2d at 323 (considering risk of injury from identification). This factor weighs strongly in favor of pseudonymity.

**C. The Injury Litigated Against Would Be Incurred as a Result of Disclosure.**

9. This factor is particularly significant here. The very harm Plaintiff seeks to redress—covert stalking and tracking that invaded her privacy and endangered her safety—would be perpetuated and exacerbated by public disclosure of her identity. Plaintiff's stalker has repeatedly demonstrated the ability to locate and track her using technological means. Plaintiff has already given up her car and incurred relocation expenses to escape his surveillance. Public identification would provide a direct avenue for her abuser to confirm her location, continue his surveillance, and further interfere with her safety. The injury litigated against would literally be incurred as a result of the disclosure of

Plaintiff's identity. *See Frank*, 951 F.2d at 323. This factor weighs decisively in favor of pseudonymity.

**D. A Minor Is Directly Affected by This Litigation.**

10. Plaintiff's minor daughter is directly affected by the events giving rise to this action. Both Plaintiff and her daughter have required self-harm therapy as a direct result of the stalking and its consequences. The child's identity would be effectively revealed through public identification of Plaintiff. Courts afford heightened protection where the safety and privacy of minors are implicated. *See Stegall*, 653 F.2d at 186. This factor weighs in favor of pseudonymity.

**E. This Action Is Not Against a Government Entity, but This Factor Does Not Outweigh the Others.**

11. This action is brought against Apple, a private corporation, rather than a governmental entity. The Eleventh Circuit has noted that pseudonym status may be somewhat less warranted in suits against private parties because there is less concern about government retaliation. *Frank*, 951 F.2d at 323. However, this factor alone is not dispositive, and where the other factors weigh strongly in favor of anonymity—as they do here—suit against a private party does not preclude pseudonym status. Moreover, Plaintiff proposes to disclose her true identity to defense

counsel and the Court, eliminating any prejudice to Defendant. This factor is neutral or weighs only slightly against pseudonymity.

**F. Plaintiff Does Not Seek to Conceal Illegal Conduct.**

12. Plaintiff does not seek anonymity to conceal her own illegal conduct. To the contrary, Plaintiff is the victim of criminal stalking by another individual and seeks pseudonym status solely to protect herself and her minor daughter from the ongoing threat posed by her abuser. This factor is neutral.

**III. The Balance of Factors Overwhelmingly Favors Pseudonym Status**

13. Weighing all of the applicable factors, the balance tips decisively in favor of permitting Plaintiff to proceed under a pseudonym. The highly sensitive nature of the allegations (five years of stalking, sexual assault, physical violence, and domestic abuse), the demonstrated risk of physical harm and further tracking, the direct involvement of a minor child, and the fact that disclosure itself would perpetuate the very injury litigated against collectively far outweigh the general presumption of open proceedings. Courts in this Circuit have routinely granted pseudonym status in analogous cases involving domestic violence,

stalking, and threats to the safety of vulnerable plaintiffs and minors. *Id.*

## PROPOSED SAFEGUARDS

Plaintiff respectfully requests that the Court enter an Order permitting her to proceed as "Jane Doe, M.P. 1" throughout this litigation and in all publicly filed documents. To ensure that Defendant's rights are fully protected, Plaintiff proposes the following safeguards:

1. Plaintiff's true identity shall be disclosed to defense counsel and the Court;

2. Any documents containing Plaintiff's true identity shall be filed under seal or in a separate confidential notice to the Court and Defendant;

3. Defense counsel shall be bound by an appropriate confidentiality agreement or protective order not to publicly disclose Plaintiff's identity; and

4. Plaintiff's pseudonym shall be used in all publicly accessible filings, docket entries, and proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Leave to Proceed Under the Pseudonym "Jane Doe, M.P. 1."

Dated: August 17, 2026

Respectfully submitted,

/s/ D. Todd Mathews
D. Todd Mathews
FL State Bar No. 163104
BAILEY GLASSER, LLP
210 W. Division St., Bldg. 2
Maryville, IL 62062
Phone: (618) 418-5180
Fax: (304) 342-1110
tmathews@baileyglasser.com

Lee A. Floyd (pro hac vice pending)
FLOYD LAW
626 East Broad Street,
Suite 300
Richmond, Virginia 23219
Phone: (804) 529-0000
Fax: (804) 529-0009
lee@floydpc.com

Attorneys for Plaintiff Jane Doe, M.P. 1

**Local Rule 7.1(B) Certificate of Conferral**

I, D. Todd Mathews, certify that I have spoken with counsel she is presumed to be representing the Defendant in this matter. While Defense Counsel believes they will not oppose this Motion, they were not able to confirm such at the time of conferral. I will continue to confer with opposing counsel on this issue.

/s/ D. Todd Mathews