**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**JANE DOE, M.P. 1,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-4937-TKW-HTC**

**APPLE, INC.,**

**Defendant.**

_______________________________________/

**ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM**

This case is before the Court based on Plaintiff's motion to proceed under a pseudonym (Doc. 2). No response is needed.[1]

Plaintiff has asserted multiple claims against Apple, Inc., related to its design, manufacture, and marketing of the Apple AirTag. The claims are based on a former paramour's alleged use of an AirTag to stalk Plaintiff.

Plaintiff seeks leave to proceed anonymously because the litigation will require the disclosure of intimate aspects of Plaintiff's life (e.g., domestic violence, sexual harassment) related to the stalking. She is also concerned that requiring her

[1] Even if the motion is not opposed by Defendant (as it appears that it will not be, *see* Doc. 2 at 10), the Court is not required to grant it.

to disclose her identity could enable her stalker to locate her, thereby creating a safety risk for her and her minor child.

"A party may proceed anonymously in federal court by establishing 'a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16) (11th Cir. 2011)). However, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

Courts in the Eleventh Circuit are required to consider six factors when deciding whether to allow a plaintiff to proceed anonymously: (1) whether the plaintiff is challenging government activity; (2) whether the plaintiff will be required to disclose information of the utmost intimacy; (3) whether the plaintiff will be required to admit the intention to engage in illegal activity; (4) whether the plaintiff is a minor; (5) whether the plaintiff was threatened with physical harm by proceeding in her own name; and (6) whether anonymity poses a unique threat of fundamental unfairness to the defendant. *Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019) (citing *Francis* and *Frank*). No single factor is dispositive and the Court is required to consider the totality of the circumstances. *See Chiquita Brands*, 965 F.3d at 1247 n.5; *Frank*, 951 F.2d at 323; *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Here, the factors individually and collectively weigh against allowing Plaintiff to proceed anonymously.

The first factor weighs against anonymity because Plaintiff is not asserting claims against the Government. *See Frank*, 951 F.2d at 324 (noting that the fact the plaintiffs were suing a private individual was "*more* reason *not* to grant the plaintiffs' request for anonymity") (emphasis in original).

The second factor weighs against anonymity because (1) "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment,'" *Francis*, 631 F3d at 1316 (quoting *Frank*, 951 F.2d at 324), and (2) the circumstances underlying the complaint have apparently already been aired in a state restraining order proceeding.

The third factor is not implicated.

The fourth factor weighs against anonymity because Plaintiff is an adult, not a minor. The fact that Plaintiff's minor daughter was "directly affected by the events giving rise to this action" does not undermine that conclusion because Plaintiff can seek a protective order to protect her identity. *See Farmworker Ass'n of Fla., Inc. v. DeSantis*, 716 F. Supp. 3d 1312, 1322-23 (S.D. Fla. 2024) (denying leave to proceed anonymously and explaining that "the minority of some of the Plaintiffs'

family members doesn't tip the scales" because the plaintiffs could seek a confidentiality or protective order regarding their minor relatives).

The fifth factor weighs against anonymity because Plaintiff's speculative concern that identifying herself in this action will provide her stalker "a direct avenue … to confirm her location, continue his surveillance, and further interfere with her safety" can be addressed through a protective order or sealing of specific documents filed in this case. *Id.* Indeed, courts have denied leave to proceed anonymously in the face of more substantial threats of harm. *See, e.g., Chiquita Brands*, 965 F.3d at 1248 (affirming the district court's refusal to grant anonymity even after paramilitaries "threatened and attacked a named bellwether plaintiff and her family four months after her deposition").

The sixth factor weighs against anonymity because "[d]efendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Francis*, 631 F.3d at 1315. "[I]f the complaint's allegations cannot be substantiated, 'then anonymity provides a shield behind which defamatory charges may be launched without shame or liability' and it will be [Defendant] (not Plaintiff) who faces disgrace." *K.L.T. v. United States*, 2025 WL 3441016, at *2 (N.D. Fla. Dec. 1, 2025) (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)).

The Court did not overlook that another district court granted the plaintiff

leave to proceed anonymously in a substantially similar suit. *See Doe v. Samsung Elecs. Am., Inc.*, 2024 WL 7002107 (E.D. Pa. June 12, 2024). That decision is not binding and is not even persuasive because it was decided under the law of the Third Circuit, not the Eleventh Circuit. *Id.* at *2 (explaining that "[t]he Third Circuit has endorsed a nine-factor anonymity test"). Additionally, in giving significant weight to the plaintiff's "heightened fear for her personal safety if her stalker were to learn her home address or whereabouts," the court apparently did not consider whether those concerns could be ameliorated by a protective order or sealing documents that contained that information. *Id.* at *3.

The Court also recognizes that plaintiffs in other cases filed against Apple by AirTag stalking victims have been allowed to proceed anonymously,[2] but those rulings were in text-only orders that did not contain any analysis. *See, e.g.*, *Doe v. Apple, Inc.*, No. 1:26-cv-2114, ECF No. 18 (E.D. Va. July 8, 2026); *Doe v. Apple, Inc.*, No. 2:26-cv-2178, ECF No. 18 (D. Nev. July 8, 2026); *Doe v. Apple, Inc.*, No. 2:26-cv-4252, ECF No. 17 (E.D.N.Y. July 8, 2026); *Doe v. Apple, Inc.*, No. 2:26-cv-5261, ECF No. 19 (D. Ariz. July 8, 2026). Also, those rulings were presumably not based on Eleventh Circuit law.

[2] There also appear to be numerous other cases in which alleged AirTag stalking victims are not proceeding anonymously, as reflected on the docket of the failed class action against Apple. *Hughes v. Apple, Inc.*, N.D. Cal. Case No. 3:22-cv-07668.

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. Plaintiff's motion to proceed under a pseudonym (Doc. 2) is **DENIED**.

2. Plaintiff has 14 days from the date of this Order to file an amended complaint that complies with Fed. R. Civ. P. 10(a). Failure to do so will result in this case being dismissed.

**DONE and ORDERED** this 19th day of August, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**